**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**DARRELL JENKINS, # 165362**                                      **PETITIONER**

**v.**                                                          **NO. 1:17CV120-HSO-MTP**

**ANDREW MILLS, Warden**                                            **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the *pro se* Petition of Darrel Jenkins for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 and Respondent's Motion to Dismiss [12]. Having considered the submissions of the parties, the record, and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [12] be granted and the Petition for Writ of Habeas Corpus [1] be dismissed with prejudice.

## PROCEDURAL HISTORY

On February 18, 2011, Petitioner entered an *Alford* plea[1] to sexual battery. *See* [12-1]; *see also* [12-4] at 2. The same day, he was sentenced to serve twenty-five years in the custody of the Mississippi Department of Corrections, with fifteen to serve without benefit of parole, and ten years suspended with five years to be served on post release supervision. On April 12, 2013, over two years after his sentencing, Petitioner filed a motion for records and transcripts in the Circuit Court of Green County. *See* [12-3] at 15. On April 25, 2013, the circuit court denied Petitioner's motion due to his failure to properly file a post-conviction relief motion. *See* [12-3] at 12. On May 10, 2013, Petitioner appealed the circuit court's decision to the Mississippi Court

---

[1] The Circuit Court of Green County and the Mississippi Court of Appeals refers to Petitioner's plea as an *Alford* plea. *See* [12-4] at 2; *see also* [12-6] at 2. "A defendant entering an *Alford* plea pleads guilty, but affirmatively protests his factual innocence to the charged offense." *U.S. v. Harlan*, 35 F.3d 176, at n.1 (5th Cir. 1994) (*citing North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970)).

of Appeals. *See* [12-3].  On November 7, 2013, the Mississippi Court of Appeals dismissed Petitioner's appeal, as he did not file a brief. *See* [12-3].

On September 20, 2013, Petitioner filed a motion to vacate, reduce and/or set aside sentence in the Greene County Circuit Court, which the court treated as a petition for post-conviction collateral relief. *See* [12-4] at 1.  On June 12, 2015, the circuit court denied Petitioner's motion for post-conviction relief. *See* [12-4] at 2-5.  Petitioner then appealed the circuit court's ruling and on September 27, 2016, the Mississippi Court of Appeals affirmed the circuit court's decision. *See* [12-6].

On April 21, 2017, Petitioner filed this *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. *See* [1].  On October 23, 2017, Respondent filed his Motion to Dismiss [12], asserting that the Petition was not timely filed and should be dismissed pursuant to 28 U.S.C. § 2244(d).

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") specifies that a petitioner seeking federal habeas relief must file a petition within one year from "the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003).  The Fifth Circuit clarified the law for purposes of determining when a state conviction becomes final pursuant to Section 2244(d)(1)(A) by holding that:

> The language of § 2244(d)(1)(A) provides that a decision becomes final by the conclusion of direct review or the expiration of the time for seeking such review. We previously held that direct review includes a petition for writ of certiorari to the Supreme Court.  Therefore, the conclusion of direct review is when the Supreme Court either rejects the petition for certiorari or rules on its merits.  If the conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time for seeking such review.  We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the

entry of judgment by the state court of last resort. If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.

*Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Petitioner was sentenced on February 18, 2011, after entering a guilty plea. Under Mississippi law, there is no direct appeal from a guilty plea. *See* MISS. CODE ANN. § 99-35-10. Thus, Petitioner's conviction became final — and the statute of limitations for federal habeas relief began to run — on February 18, 2011. Petitioner was required to file his federal habeas petition by February 20, 2012, (since February 18, 2012, fell on a Saturday), unless he was entitled to statutory and/or equitable tolling. 28 U.S.C. § 2244(d)(1)(A). Petitioner filed this habeas petition on April 21, 2017, more than five years after his judgment became final.

**Statutory Tolling**

Whether statutory tolling occurred during the period between the judgment becoming final on February 18, 2011, and Petitioner filing this federal habeas petition on April 21, 2017, is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or collateral review" remains pending.

On September 20, 2013, one year and seven months after his federal habeas deadline, Petitioner filed his first motion for post-conviction relief. *See* [12-4]. Thus, the state motion did not toll the limitation period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application did not toll the limitation period under Section 2244(d)(2) because it was not filed until after the limitation period expired); *Solomon v. Mississippi*, No. 1:17CV132-SA-JMV, 2017 WL 6454018, at *2 (N.D. Miss. Dec. 18, 2017); *Murphy v. Thaler*, No. 3:09-CV-2132-M(BH), 2010 WL 183975, at *3 (N.D. Tex. Jan. 19, 2010) (holding that a

3

document "filed in state court after the limitations has expired does not statutorily toll the limitations period."); *see also Baldwin v. Parker*, No. CIVA506CV58-DCB-MTP, 2006 WL 3858896, at *3 (S.D. Miss. Dec. 28, 2006) (state post-conviction petition cannot toll the one-year limitation period described in section 2244(d)(2) if it is filed after Petitioner's federal filing deadline has passed).[2] Accordingly, Petitioner is not entitled to any statutory tolling under Section 2244(d).

**Equitable Tolling**

The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in Section 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 184 F.3d 510, 513 (5th Cir. 1999). Additionally, in order to establish that he is entitled to equitable tolling, Petitioner must demonstrate "that he has been pursuing his rights diligently . . ." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Courts should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811). Petitioner, however, bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

---

[2] As previously mentioned, Petitioner filed a motion for records and transcripts in the circuit court on April 12, 2013, which was denied because Petitioner had not properly filed a post-conviction relief motion. *See* [12-1]; [12-3] at 12. Thus, the motion for records and transcripts cannot be viewed as a properly filed post-conviction relief motion. Moreover, the motion for records and transcripts was filed *after* the limitation period had expired on February 20, 2012.

Petitioner filed his Habeas Petition on April 21, 2017, some 1,880 days, or over five years after the February 20, 2012 deadline.  Petitioner has not established that he was actively misled or prevented in some extraordinary way from asserting his rights to entitle him to equitable tolling of the federal limitations period for this lengthy period of time. *Ott*, 184 F.3d at 513.  Petitioner also cites no "rare and exceptional" circumstances to warrant equitable tolling. *Alexander*, 294 F.3d at 629.  In sum, as Petitioner has not presented any reason as to why equitable tolling would be proper, and no reason is apparent from the record, he is not entitled to equitable tolling.

## CONCLUSION

Petitioner's state court judgment became final on February 18, 2011.  Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A), Petitioner was required to file his federal petition by February 20, 2012.  Petitioner filed his petition on April 27, 2017, over five years past the deadline, and is not entitled to statutory or equitable tolling.  Accordingly, he cannot avoid the statutory bar of Section 2244(d).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss [12] be GRANTED and that Petitioner's Petition for Writ of Habeas Corpus [1] be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or in part, the recommendations

of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      THIS, the 2nd day March, 2018.

                                          s/ Michael T. Parker
                                          United States Magistrate Judge