IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DARRELL JENKINS, #165362**  PETITIONER

v.   Civil No. 1:17cv120-HSO-MTP

**ANDREW MILLS, Warden**   RESPONDENT

**MEMORANDUM OPINION AND ORDER OVERRULING PETITIONER'S [17] OBJECTIONS; ADOPTING MAGISTRATE JUDGE'S [16] REPORT AND RECOMMENDATION; GRANTING RESPONDENT'S [12] MOTION TO DISMISS; AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE**

This matter is before the Court on Petitioner Darrell Jenkins' Objections [17] to the Report and Recommendation [16] of United States Magistrate Judge Michael T. Parker and Respondent Andrew Mills' Motion to Dismiss [12]. After thoroughly reviewing Petitioner's Objections [17], the Magistrate Judge's Report and Recommendation [16], Respondent's Motion to Dismiss [12], related pleadings, the record as a whole, and relevant legal authority, the Court concludes that Petitioner's Objections [17] should be overruled, that the Magistrate Judge's Report and Recommendation [16] should be adopted as the finding of the Court, and that Respondent's Motion to Dismiss [12] should be granted. Petitioner Darrell Jenkins' 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus should be dismissed with prejudice.

# I. BACKGROUND

A. State Court Proceedings

On February 18, 2011, Petitioner Darrell Jenkins ("Petitioner" or "Jenkins") entered an *Alford* plea to a charge of sexual battery in the Circuit Court of Greene County, Mississippi. *See* Order [12-1] at 1-2; *Jenkins v. State*, 202 So. 3d 220, 221 (Miss. Ct. App. 2016) (citing *North Carolina v. Alford*, 400 U.S. 25 (1970)). On that same date, the trial court sentenced Petitioner to serve a term of imprisonment of twenty-five (25) years in the custody of the Mississippi Department of Corrections, with fifteen (15) years to serve without the benefit of parole, ten (10) years suspended, and five (5) years to be served on post-release supervision. Order [12-1] at 1.

On April 12, 2013, over two years after sentencing, Petitioner filed a motion for records and transcripts in the Circuit Court of Greene County, Mississippi, *see* Mot. [12-3] at 15-17, which the trial court denied on April 25, 2013, because Petitioner had not filed a proper motion for post-conviction relief, Order [12-3] at 12. On May 10, 2013, Petitioner appealed. Notice of Appeal [12-3] at 3. The Mississippi Supreme Court dismissed the appeal on January 9, 2014, due to Petitioner's failure to file a brief, and the mandate issued on January 30, 2014. Mandate [12-3] at 1.

On September 20, 2013, Petitioner filed a motion to vacate, reduce, and/or set aside sentence in the Circuit Court of Greene County, Mississippi, *see* Mot. [12-2] at 3-49, which the Circuit Court treated as a petition for post-conviction collateral

relief, *see* Order [12-4] at 1. The Circuit Court denied Petitioner's motion on June 12, 2015. *See* Order [12-4] at 2-5. Petitioner appealed, and on September 27, 2016, the Mississippi Court of Appeals affirmed the denial of Petitioner's motion. *See Jenkins v. State*, 202 So. 3d 220, 223 (Miss. Ct. App. 2016).

B.  Section 2254 Petition

On April 14, 2017, Petitioner filed a 28 U.S.C. § 2254 Petition [1] for Writ of Habeas Corpus in this Court.[1] Respondent filed a Motion to Dismiss, arguing that the Petition was not timely filed and should be dismissed with prejudice. Mot. [12] at 9. Alternatively, Respondent argued that the Court should dismiss the Petition as procedurally defaulted. *Id.*

The Magistrate Judge entered a Report and Recommendation [16] on March 2, 2018, concluding that Petitioner filed his Petition over five years past the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A), and that he was not entitled to statutory or equitable tolling. The Magistrate Judge recommended that Respondent's Motion to Dismiss [12] be granted and that the Petition be dismissed with prejudice.

Petitioner has submitted Objections [17] to the Report and Recommendation [16], arguing that "[a] procedural bar cannot be applied in the face of 'errors affecting fundamental rights' because such a deprivation of liberty is to of [sic] a violation to be subjected to a procedural bar." Objs. [17] at 1. Petitioner refers to

---

[1] The Petition [1] was placed in the prison mailing system on April 14, 2017, *see* Petition [1] at 25, and it was received and filed by the Clerk of Court on April 21, 2017.

purportedly "newly discovered evidence," which he states constitutes an exception to the statute of limitations. *See id.* at 2. According to Petitioner, the statements at issue existed at the time of his trial, but were not discovered by him until April 25, 2013. *See id.* at 2-3.

## II. DISCUSSION

A.  Standard of Review

Because Petitioner has filed written Objections to the Magistrate Judge's Report and Recommendation [16], the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Rule 8(b) of Rules Governing Section 2254 Cases in the United States District Courts. "Such review means that this Court will examine the entire record and will make an independent assessment of the law." *Lambert v. Denmark,* Civil No. 2:12-cv-74-KS-MTP, 2013 WL 786356, *1 (S.D. Miss. Mar. 1, 2013). In conducting a de novo review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

Having conducted a de novo review of the record, the Court agrees with the conclusions reached by the Magistrate Judge and will adopt the Report and Recommendation.

B.  Relevant Legal Authority

28 U.S.C. § 2244(d) provides that

(1)  A 1-year period of limitation shall apply to an application for a writ

of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In opposition to Respondent's Motion to Dismiss, Petitioner referenced the various subdivisions under § 2244(d)(1), but "agree[d] that the date of final Judgment in § 2244(d)(1)(A) is the only applicable provision here." Resp. [15] at 3.

C.    <u>Analysis</u>

Petitioner pleaded guilty and was sentenced on February 18, 2011. Under Mississippi law, there is no appeal allowed following a guilty plea. *See* Miss. Code Ann. § 99-35-101.[2] Petitioner's conviction therefore became final on February 18, 2011, and he had one year from that date to file a federal habeas petition under 28

---

[2] This statute provides that "[a]ny person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed." Miss. Code Ann. § 99-35-101.

U.S.C. § 2244(d)(1)(A). The Petition was not filed until more than five years after the one-year statute of limitations had run, unless the one-year limitations period began at a different time or unless statutory or equitable tolling applied prior to its expiration.

1. 28 U.S.C. § 2244(d)(1)(D)

Despite Petitioner's statement in his Response that only § 2244(d)(1)(A) is applicable here, *see* Resp. [15] at 3, he now raises new arguments in his Objections that seem to implicate § 2244(d)(1)(D). Under this subsection, the one-year statute of limitations applies to habeas claims running from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The United States Court of Appeals for the Fifth Circuit has "held that this means the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim." *In re Davila*, 888 F.3d 179, 189 (5th Cir. 2018) (quotation omitted).

Petitioner claims in his Objections that he became aware of purportedly new evidence on April 25, 2013, specifically "[e]vidence that the alleged victim made sworn statements in the past against two other males only to have those accusations nolle-prosequi is very relevant toward [Petitioner's] case." Objs. [17] at 2. However, in the Petition signed under penalty of perjury, Petitioner avers that he and his mother gave his trial counsel evidence of two statements by the victim eight months prior to trial, on June 20, 2010. *See* Pet. [1] at 7. This is the basis of

Petitioner's first asserted ground for relief in his Petition. *See id.* at 7-9. To the extent Petitioner claims that these facts support his present claims, he has been on notice of such facts since June 20, 2010, before he entered his guilty plea. *See id.* This purportedly new evidence cannot delay the commencement of the one-year statute of limitations under 28 U.S.C. § 2244(d)(1)(D). The one-year period began to run on February 18, 2011, pursuant to 28 U.S.C. § 2244(d)(1)(A).

2. Statutory Tolling

The Magistrate Judge determined that statutory tolling under § 2244(d)(2) did not apply, and Petitioner has not specifically objected to that finding in his Objections [17]. Assuming he had, even under a de novo review the Court finds that statutory tolling is inapplicable based upon the specific facts of this case.

Tolling under § 2244(d)(2) only excludes "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). Because Petitioner's state court motion for post-conviction relief was not filed until after the one-year statute of limitations had expired, the state filing did not toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a petitioner's "state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired" (emphasis in original)).

3. Equitable Tolling

A petitioner is entitled to equitable tolling of the limitations period in §

2244(d) only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing of his petition. *Holland v. Fla.*, 560 U.S. 631, 649 (2010). Such tolling is available only in "rare and exceptional circumstances." *Clark v. Davis*, 850 F.3d 770, 784 (5th Cir.), *cert. denied*, 138 S. Ct. 358 (2017) (quotation omitted). A petitioner bears the burden of establishing that equitable tolling is warranted. *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).

In this case, Petitioner has not cited any rare or exceptional circumstances that would warrant equitable tolling, and he is not entitled to such relief.

### III. CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result. Petitioner's Objections [17] should be overruled, and the Magistrate Judge's Report and Recommendation [16] should be adopted as the finding of the Court. Respondent's Motion to Dismiss [12] should be granted, and Petitioner's Petition for Writ of Habeas Corpus should be dismissed.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Petitioner Darrell Jenkins' Objections [17] to the Report and Recommendation [16] of United States Magistrate Judge Michael T. Parker are **OVERRULED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Report and Recommendation [16] of United States Magistrate Judge Michael T. Parker entered in this case on March 2, 2018, is **ADOPTED** as the finding of the Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Respondent Andrew Mills' Motion to Dismiss [12] is **GRANTED**, and the 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed by Petitioner Darrell Jenkins is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 15th day of June, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE